**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTONIO T. FLOWERS,
DOC # 496287,**

      **Plaintiff,**

**vs.**                        **Case No.  4:26cv53-TKW-MAF**

**SERGEANT DORINDA KELLY,**

      **Defendant.**
_____/

## AMENDED REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in late January 2026. Plaintiff submitted a complaint, ECF No. 1, but did not pay the filing fee or file an in forma pauperis motion.  Plaintiff was directed to comply with Local Rule 5.3 and either pay the filing fee or move for leave to proceed in forma pauperis by March 3, 2026.  ECF No. 3.  He received subsequent extensions of time to comply, but when he failed to do so by the most recent deadline (April 30, 20206), a Report and Recommendation was entered on May 8, 2026.  ECF No. 14.

Plaintiff has now filed a "motion" with this Court.  ECF No. 15.  There, Plaintiff explains that he has been transferred again, has now been able to provide the required inmate bank account statement, and he requests counsel be appointed for him.  In light of Plaintiff's compliance, and the fact that his bank account statement shows he has maintained a zero bank account statement, it would appear that Plaintiff's motion for leave to proceed with in forma pauperis status, ECF No. 9, should be granted.

However, is also now appears that Plaintiff is not entitled to in forma pauperis status.  Plaintiff's complaint, ECF No. 1, has only now been reviewed as required by U.S.C. § 1915A.  Plaintiff alleges that he and the Defendant had a "confrontation" regarding a conspiracy to bring drugs into Columbia Correctional Institution.  *Id.* at 5.  Plaintiff contends he was "a middle man," and the Defendant - a correctional sergeant - was "refusing to keep up on her side of the deal."  *Id.*  After the confrontation, Plaintiff alleges the Defendant set him up to be assaulted by a gang.  *Id.* at 5-6.  Ultimately Plaintiff indicates the Defendant was fired and Plaintiff was "granted protection."  *Id.* at 6.  However, Plaintiff then makes a vague and conclusory assertion, not elaborated by a specific statement of facts, that he "was jumped" by unidentified "people" at the instruction of the Defendant

Case No. 4:26cv53-TKW-MAF

and he started "peeing blood" and had "blurry vision." *Id.* Plaintiff does not explain who attacked him, state when he was attacked, or clarify where the attack occurred, yet based on that contention, Plaintiff attempts to assert an Eighth Amendment claim against the Defendant for "deliberate indifference" to his right to safety. *Id.* at 8.

In the process of reviewing Plaintiff's complaint, it is noted that Plaintiff acknowledged having filed a prior case which concerned "the same facts or issue involved in this case." *Id.* at 11. He identified it as case number 3:25cv108, but he did not provide any information as to whether the case was still pending or had been dismissed.

Having now reviewed that case, the Court takes judicial notice that it was dismissed without prejudice on June 9, 2025. ECF No. 6 of that case. The order of dismissal makes clear that it is based on the same facts as alleged in the instant complaint, with additional information. For example, Plaintiff claimed that Defendant Kelly told "her boyfriend, who is the leader" of the "Cut Throat" gang to "stab and kill" Plaintiff. ECF No. 6 at 1-2. At that time Plaintiff did not allege suffering any harm. In light of that fact, the Court dismissed that case for failure to state a claim for deliberate indifference. *Id.*

Case No. 4:26cv53-TKW-MAF

Importantly, United States District Judge Marcia Morales Howard also dismissed Plaintiff's case because he failed to truthfully disclose his litigation history.  ECF No. 6 at 12 of case # 3:25cv108-MMH-SJH.  The order of dismissal explained that Plaintiff represented he had "not filed other lawsuits in state or federal court relating to the conditions of his confinement."  *Id.* at 14.  Plaintiff made the same representations to this Court.  *See* ECF No. 1 at 10-12.  Indeed, he represented within the instant complaint that he had not had a prior case "dismissed as frivolous, as malicious, for failure to state a claim, or prior to service."  *Id.* at 10.  That is not true.

The case noted above, case number 3:25cv108-MMH-SJH, was dismissed prior to service by the Middle District of Florida for failure to state a claim and counts as a "strike."  Plaintiff should have disclosed the case in response to Question A on this Court's complaint form.  Because that case was dismissed on June 9, 2025, and this case was filed on January 28, 2026, Plaintiff was well aware of its existence and the requirement to list it in future actions.

Additionally, Plaintiff previously filed case number 5:25cv038, *Flowers v. Helms, et al.*, in this Court on February 21, 2025.  It was

Case No. 4:26cv53-TKW-MAF

dismissed on December 16, 2025, by United States District Judge M. Casey Rodgers as malicious and an abuse of the judicial process because Plaintiff failed to honestly disclose his litigation history.  That dismissal counts as a "strike" as well under 28 U.S.C. § 1915(g).

Plaintiff also filed case number 3:25cv316, *Flowers v. Maddox, et al.*, in the Middle District of Florida on March 24, 2025.  In that case, Plaintiff sought a writ of mandamus against state prison officials.  Because a federal court lacks jurisdiction to mandamus state officials, the case was dismissed on July 22, 2025.  Plaintiff should have disclosed that case in the instant complaint as well.

Plaintiff also filed case number 8:21cv141, *Flowers v. Hernandez, et al.*, in the Middle District of Florida on January 19, 2021.  Plaintiff filed that case while housed in the Pinellas County Jail and, thus, he had a different inmate number.  However, he used his full name of Antonio Tyrone Flowers, which corresponds with a case he filed in this Court, *see* case number 5:18cv164, *Flowers v. Secretary of Department of Corrections,* on July 12, 2018.  At that time Plaintiff was housed in the Florida Department

Case No. 4:26cv53-TKW-MAF

of Corrections and used inmate number 496287.[1]  That case was ultimately

dismissed because Plaintiff failed to file a proper in forma pauperis

application, but it confirms that Plaintiff is the same person who previously

filed case number 8:21cv141 in the Middle District.

Importantly, case number 8:21cv141 was dismissed on August 23,

2021, for failure to state a claim.  See ECF No. 6 of that case.   That means

Plaintiff has accumulated three "strikes" under 28 U.S.C. § 1915(g).[2]  Thus,

Plaintiff is not entitled to proceed with this case unless his complaint

presents factual allegations which demonstrate that he faces "imminent

danger of serious physical injury."  Plaintiff has not done so because he is

no longer housed with the Defendant, she no longer works for the

Department, and Plaintiff was granted protection.  Accordingly, because

Plaintiff is not entitled to proceed with in forma pauperis status and he has

not paid the filing fee for this case, it should be dismissed without prejudice.

Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an

---

[1] That is Plaintiff's current inmate number and the one he has used in this case.

[2] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). Plaintiff "cannot simply pay the filing fee after being denied in forma pauperis status." Dupree, 284 F.3d at 1236.

## AMENDED RECOMMENDATION[3]

It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has accumulated three prior undisclosed "strikes" and did not pay the filing fee at the time of case initiation. All pending motions in this case should be denied and the Clerk of Court should be directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2026.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] This Amended Report and Recommendation replaces the Report and Recommendation, ECF No. 14, previously entered on May 8, 2026, which recommended dismissal for failure to prosecute.

Case No. 4:26cv53-TKW-MAF

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:26cv53-TKW-MAF